UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:12-CR-67 |
| | ) | |
| LARRY SHANE MORGAN | ) | |

**REPORT AND RECOMMENDATION**

The defendant has moved to suppress evidence resulting from a search of his truck. (Doc. 87). A hearing was held on September 27, 2012. The motion has been referred to the magistrate judge pursuant to the standing order of this court and 28 U.S.C. § 636

Defendant's truck was searched pursuant to a warrant issued by the magistrate judge of this court. Defendant's motion states that the affidavit filed in support of the application for the warrant failed to provide probable cause to believe that the defendant's truck contained evidence of criminal activity. More specifically, defendant argues that the affiant, Special Agent Casey Helm of the Federal Bureau of Investigation, included information in his affidavit that was supplied by the co-defendant Kaylen Butcher, and that the affiant knew, or at least should have known, that the information supplied by Ms. Butcher was unreliable.

To point out the obvious, when a defendant asserts that a search warrant was unsupported by probable cause, the reviewing court looks only to the affidavit filed in support of the application for the search warrant in determining whether or not probable cause existed. Matters outside that affidavit are not considered unless the defendant contends that certain of the facts in the affidavit were false. In that circumstance, the defendant, at least potentially, is entitled to a hearing pursuant

1

to *Franks v. Delaware*, 438 U.S. 154 (1978). If a *Franks* hearing is granted, the defendant may attempt to prove that certain facts imparted to the judge who issued the warrant were false, and those false facts were critical to the judge's finding of probable cause. However, a defendant must do more than make a naked assertion that facts within the affidavit were false; to be entitled to a *Franks v. Delaware*, 438 U.S. 154 (1978) hearing, the defendant must "make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." *Franks*, 438 U.S. at 155-56. Here, defendant did not file a motion for a *Franks* hearing. Nevertheless, in the interest of time if nothing else, the court will assume that the co-defendant Butcher's statements to Special Agent Helm, which he included in his affidavit that was submitted to this magistrate judge, were unreliable to some extent. With that assumption, Special Agent Helm's affidavit provided the following information:

  1. On June 28, 2012, a man, accompanied by an "unknown female," robbed the Stop and Go Market in Greene County, Tennessee;

  2. On July 2, 2012, a male entered the Greeneville Federal Bank in Greeneville, Tennessee, armed with a handgun, and robbed that bank; the bank robber drove off in a "black, Chevrolet Silverado pickup truck with damage to [the] front quarter panel of the passenger side;"

  3. The following day, July 3, a Johnson City police officer saw a vehicle matching the description of the one used by the bank robber in the parking lot of the Fox Motel in Johnson City; Johnson City and Greeneville police officers went to the Fox Motel and there encountered the defendant Morgan as he walked in the direction of the black Silverado pickup;

  4. Greene County Sheriffs Department [actually, Greeneville police officers] attempted to stop Morgan, but he resisted, and ran;

5. Morgan dropped a bag in which there was a large quantity of United States currency;

6. Police officers asked Morgan if the black truck belonged to him, and Morgan denied ownership.

At this point, the affiant, Special Agent Helm, inserted a paragraph relating what he had been told by Kaylen Butcher. Butcher told Special Agent Helm that Morgan had admitted to her that he had robbed the Greeneville Federal Bank. It is this statement of Butcher, of course, that defendant argues was unreliable. In fact, it was not unreliable, but as already noted, the court will assume it to be unreliable and excise it from the probable cause analysis. Even without this paragraph, there was still probable cause to believe that this truck contained evidence of criminal activity. The truck matched the description of the vehicle used by the bank robber. Notwithstanding that police officers on the scene knew that the truck was registered to Morgan, he denied ownership of it. He attempted to flee from the officers. All this would suggest to a person possessing even a modicum of common sense that this was the truck used by the bank robber and Mr. Morgan was that robber. With or without the paragraph concerning what Ms. Butcher told Special Agent Helm, there was probable cause to search the truck.

It is respectfully recommended that defendant's motion to suppress, (Doc. 87), be denied.[1]

Respectfully submitted,

s/Dennis H. Inman<br>
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).