IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:12-CR-067 |
| | ) | |
| LARRY SHANE MORGAN | ) | |

## **MEMORANDUM AND ORDER**

This case arises from the armed robberies of a gas station and a bank. A jury found the defendant guilty on all six charges against him contained in the superseding indictment. Sentencing is set for August 29, 2013. The defendant has filed six objections to his presentence report ("PSR"). Three of those objections (numbered 4, 5, and 6) have been resolved in his favor by the probation office. For the reasons that follow, the remaining objections (numbered 1, 2, and 3) will be sustained in part and overruled in part.

I.

*Bodily Injury*

By his first objection, the defendant "wishes to preserve a challenge to" the application of advisory guideline section 2B3.1(b)(3)(A). In this case, the PSR increases the defendant's offense level by two pursuant to section 2B3.1(b)(3)(A) because the gas station robbery victim sustained "bodily injury." This increase is applied because the defendant struck the robbery victim on the head with the barrel of a gun.

The defendant acknowledges that the court has already ruled on this issue. The PSR of codefendant Kaylen Butcher also applied the 2B3.1(b)(3)(A) increase on these same facts. Butcher objected, and her objection was overruled. The court incorporates that prior ruling herein [2:12-CR-067, doc. 230, p. 1-3], and restates only its conclusion that a gun barrel strike to the head (with or without a resulting obvious wound) meets section 2B3.1(b)(3)(A)'s "bodily injury" standard. *See United States v. Davenport*, 30 F. App'x 338, 340 (6th Cir. 2002) (affirming district court's ruling that "'hitting someone, in the course of a robbery, with a gun, on the head, is the type of significant injury contemplated by the drafters of the guidelines; that is, it's an injury that ought to be painful and obvious, and also is of a type for which medical attention ordinarily would be sought. . . . [O]ftentimes head injuries result in injuries that are not immediately apparent when the head is struck.'"). The defendant's section 2B3.1(b)(3)(A) objection will be overruled.

II.

*Physical Restraint*

The PSR increases the defendant's offense level by an additional two points pursuant to guideline section 2B3.1(b)(4)(B). Application of that advisory provision is recommended "if any person was physically restrained to facilitate commission of the offense or to facilitate escape . . . ." *See* U.S. Sentencing Guidelines Manual § 2B3.1(b)(4)(B) (2012). The instant PSR applies section 2B3.1(b)(4)(B) because the defendant ordered the gas station owner to the floor at gunpoint, and because he similarly ordered bank employees

2

to the floor and told them that he would return and shoot them if they pressed the alarm button.

Incorporated in the defendant's sentence will be a mandatory thirty years of imprisonment for his use of a firearm in these two robberies. *See* 18 U.S.C. § 924(c)(1)(A)(i), (C)(i). The defendant argues that application of section 2B3.1(4)(B) raises concerns of "double counting" both because the use of force is inherent in the crime of robbery and because his mandatory 924(c) terms of imprisonment provide ample punishment for his threatening conduct. The defendant further argues that his actions do not constitute "physical restraint" under the guidelines. He points out that the commentary to section 2B3.1(4)(B) states that this "guideline provides an enhancement for robberies *where a victim was forced to accompany the defendant to another location*, or was physically restrained *by being tied, bound, or locked up*." U.S. Sentencing Guidelines Manual § 2B3.1 cmt. background (2012) (emphasis added).

There is minimal Sixth Circuit caselaw defining "physical restraint" under section 2B3.1(b)(4). *See United States v. Coleman*, 664 F.3d 1047, 1049 (6th Cir. 2012) ("No published case from the circuit [has yet] delimit[ed] the scope of § 2B3.1(b)(4)(B).").[1] In *Coleman*, the Sixth Circuit upheld the district court's application of section 2B3.1(b)(4)(B) because the defendant "did not merely order [his victim] to sit down and remain in place; he

---

[1] The court notes that the main Sixth Circuit authority relied upon by the probation office, *United States v. Dimache*, is in fact a ruling from the *Fourth* Circuit. *See* 665 F.3d 603 (4th Cir. 2011).

3

forced [him] to walk out of his office and to a place where Coleman could better monitor his activities." *Coleman*, 664 F.3d at 1050. The Sixth Circuit observed, "Most circuit courts uphold the enhancement in similar robbery cases were a defendant limits a victim's freedom of movement by brandishing a firearm *and* compelling the victim to move from one location to another." *Id.* (emphasis added). The facts underlying *Coleman* did not require the panel to decide whether ordering a victim to the ground at gunpoint would warrant application of section 2B3.1(b)(4)(B). *See id.* at 1049-51. Moreover, in a very recent unpublished opinion, the Sixth Circuit observed that on the facts of the case then before it, "we need not confront the more difficult and as-yet unsettled question of whether the physical-restraint enhancement is properly applied to a defendant who merely aims his gun at a stationary victim and orders the victim not to go anywhere." *See United States v. Smith-Hodges*, No. 12-6023, 2013 WL 2249297, at *3 (6th Cir. May 22, 2013).

Having considered the nature and circumstances of the present offenses, and the applicable mandatory 924(c) terms of imprisonment, the court concludes that it too need not reach the "difficult and . . . unsettled question" noted in *Smith-Hodges*. <u>On the facts of the present case</u>, the court finds the advisory guidelines' base offense level for robbery, combined with the mandatory 30 additional years of imprisonment, sufficiently accounts for the defendant's use of force in these crimes. The nature and circumstances of the force remain relevant considerations at the defendant's sentencing, *see* 18 U.S.C. § 3553(a)(1),

4

2(A), 2(C), but formal application of advisory guideline section 2B3.1(b)(4)(B) appears unnecessary in this case. The defendant's second objection will be sustained.

III.

*Organizer/Leader*

Lastly, the defendant objects to the two-level increase in his offense level under advisory guideline section 3B1.1(c), recommended by the PSR due to the defendant being "an organizer, leader, manager, or supervisor" of codefendant Butcher in the gas station robbery. To determine whether section 3B1.1 should apply, the court considers factors such as "the defendant's exercise of decision-making authority, any recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning the offense, and the degree of control the defendant exercised over others." *United States v. Solorio*, 337 F.3d 580, 601 (6th Cir. 2003) (citation omitted).

The defendant contends that the 3B1.1 increase should not be applied because Butcher: was an active participant in the robbery; had previously fired the gun that she carried; kept proceeds of the crime at her home; and allegedly helped plan the robbery by visiting the gas station on previous occasions. These arguments do not persuade the court that section 3B1.1(c) should not be applied in this case.

The court has again viewed the robbery surveillance video. While Butcher did participate, the present defendant appeared much more active and threatening toward the

5

victim. The defendant pointed his gun, fired his gun, struck the victim, and went behind the counter. Butcher did none of these things.

The court has also reviewed Butcher's testimony, which the court also observed first-hand at trial. That testimony is found generally credible despite the witness's inability to recall certain specifics. Butcher may have previously fired the gun carried by her in the robbery, but the fact remains that the defendant supplied her with that gun. As to Butcher's possession of certain robbery proceeds, the court does not consider that fact to be particularly significant, especially since testimony indicated that Butcher retained certain items at the defendant's direction. Lastly, the defendant cites no persuasive proof that Butcher helped plan the robbery by visiting the gas station in advance.

Conversely, Butcher's testimony indicated that the defendant: planned the crime; recruited her as a participant; provided the clothing, gloves, and guns; and subsequently threatened to harm her and her friends if they "snitched." Further, the surveillance video shows the defendant to have been much more active and threatening than Butcher in terms of the control exercised over the victim. In light of this proof, the defendant is correctly deemed the organizer and leader of the gas station robbery. Advisory guideline section 3B1.1(c) is properly applied in this case. The defendant's third objection will be overruled.

IV.

*Conclusion*

For the reasons provided herein, the defendant's first and third objections to his presentence report are **OVERRULED**. The defendant's second objection to his presentence report is **SUSTAINED**.

ENTER:

        s/ Leon Jordan
United States District Judge